UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIM THORPE,<br><br>Defendant. | Case No. 1:19-cr-00123-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Defendant Jim Thorpe's Motion for Early Termination of Probation (Dkt. 41). The government opposes the motion. For the reasons set forth below, the Court, will deny the motion.

# BACKGROUND

On approximately August 18, 2017, Thorpe possessed stolen firearms that he was holding for David Roberts, who had stolen them from a residence in Gooding, Idaho. About five months later, on December 9, 2017, Thorpe left a voicemail for Roberts, which was intercepted via wiretap, expressing concern that his son might report him to the police because of the stolen property. After Thorpe

spoke to Roberts on the phone, Roberts stated that he planned to move the stolen weapons the following day.

The next day, after investigators arrested Roberts and searched his residence, a surveillance team saw Thorpe moving firearms from within his residence and loading them into a dump truck. When agents searched the vehicle and residence, they seized sixty guns, some of which were confirmed to be firearms stolen during the burglary in Gooding.

Thorpe later admitted to knowing about the burglary and storing the firearms for Roberts. He also acknowledged that Roberts was dealing drugs.

Thorpe was indicted for possessing stolen firearms and aiding and abetting the theft of the firearms, in violation of 18 U.S.C. §§ 2, 922(j), and 924(a)(2). Thorpe pleaded guilty to count one of the indictment.

Although the advisory guideline range was 8 to 14 months, Thorpe received a sentence of five years' probation. The Court also sentenced him to pay a fine in the amount of $6,100. Because he had been released from custody pending trial, he only spent a single night in jail. He was ordered to serve eight months of home detention; however, after serving just half his home detention, the conditions of his probation were modified so that he did not have to serve the remaining home detention. (ECF #40). For the period of home detention that he did serve, he was allowed to leave the home for: employment; education; religious services; medical,

substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer. Thorpe was also moved to the lowest risk level and is still permitted to travel overnight for medical purposes pertaining to himself and his wife. Supervision is set to expire on November 6, 2024.

## LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014)) (internal quotation marks omitted). "Section 3583(e)(1) provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)) (citation and internal quotation marks omitted). Those relevant factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with education, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).

As explained by the Ninth Circuit, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)). The Ninth Circuit determined in *Emmett* and reaffirmed in *Ponce* that "[t]he text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship." *Id.*

As courts have rarely had the opportunity to decide motions for early termination of probation but frequently decide motions for early termination of supervised release, cases addressing § 3553(a) factors on motions for early termination of supervised release may guide the determination of whether early termination of probation is warranted as required by § 3564(c). *United States v. Bodybuilding.com, LLC*, No. 1:12-CR-00115-BLW, 2015 WL 3616962, at *2 (D. Idaho June 9, 2015).

## ANALYSIS

1. **Relevant § 3553 Factors**

The court has considered all the relevant § 3553 factors and makes particular note of the following factors:

### A. *Nature and Circumstances of the Offense, History and Characteristics of Defendant, and Deterrence and Protection of the Public*

Thorpe knowingly possessed stolen firearms. He knew of the burglary in Gooding, Idaho, where approximately 11 firearms and been stolen and trafficked to California and across the border by Thorpe's associate, David Roberts. Thorpe also admitted to believing that Roberts was a drug dealer. And this was not the first time Thorpe had been in serious trouble with the law. In 1994, Thorpe was charged with (1) entering military/naval/Coast Guard property; (2) illegal possession of machine guns; (3) illegal possession of firearms not registered; (4) unlawful possession of firearm not registered; (5) theft of U.S. property; and (6) possession of stolen government property. After evidence was suppressed, Thorpe pleaded to a misdemeanor of "Entering Military Installation for a Purpose Prohibited by Law," for which he also receive a lenient sentence of only seven days in jail, credit for time served, one hundred hours of community service within six months, and a $10 special assessment fee.

Both of these offenses involved theft of firearms, which are serious offenses, and as the government notes, the lenient sentence Thorpe received for the first offense did not deter him from committing the second crime. But if Thorpe remains on probation, this Court can sentence him anew. All of these factors weigh

in favor of continued probation, and Thorpe cites no persuasive reasons for the Court to find otherwise.

### B. Sentence and Sentencing Range

This last factor also weighs in favor of Thorpe finishing out his term of probation. As noted, the advisory guideline range was 8 to 14 months, but Thorpe received a sentence of five years' probation. Granting Thorpe early release from his probation gives him a better deal than the already generous sentence he received. This fact that Thorpe avoided the imprisonment contemplated by the Sentencing Guidelines is yet another reason in support of making him serve the full period of probation.

## 2. Interests of Justice

Early termination of probation is only appropriate when it is warranted in the interest of justice. 18 U.S.C. § 3564(c). Thorpe has not sufficiently indicated how justice would be better served by terminating rather than continuing probation. Probation does not place a significant burden on him other than requiring him to obtain permission to travel for his and his wife's medical care. Thorpe, however, has not shown that he has been unable to obtain this permission or explained how obtaining permission places an undue burden on him.

MEMORANDUM DECISION AND ORDER - 6

**ORDER**

**IT IS ORDERED that** Defendant Jim Thorpe's Motion for Early Termination of Probation (Dkt. 41) is **DENIED.**

DATED: March 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7